IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| APEX/FCC, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-651-KD-N |
| | ) | |
| UNITED STATES ENVIRONMENTAL | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

A fundamentally simple procedural matter is presented to the court, grossly over-litigated by the parties. The litigants are reminded that federal litigation is not won or lost on points.

Defendant filed a Motion to Dismiss (doc. 5), based on plaintiff's failure to properly allege the citizenship of the plaintiff and defendant, both of which were limited liability companies. The court entered an order (doc. 7) requiring plaintiff to respond, but also noting that it is the general practice of the court to allow amendment pursuant to Fed.R.Civ.P. 15(a) in such situations. Plaintiff filed its First Amended Complaint (doc. 8) on December 18, 2012, as well as a Response(doc. 9) to plaintiff's Motion to Dismiss.

Defendant filed a Motion to Strike the amended complaint (doc. 10) on the grounds that Fed.R.Civ.P. 15(a)(1)(B) allows an amendment as of right within 21 days of the filing of a motion to dismiss, and plaintiff's First Amended Complaint was filed one

day late, without a separate motion for leave to file.[1]  Presuming that this position was technically correct,[2] the motion served no valid purpose in the present posture of the case.[3]

Plaintiff thereafter filed a Motion for Leave to File Amended Complaint (doc. 11) on December 21, 2012; defendant filed a Response on December 12, 2012, stating that, in light of the motion to amend, it did not oppose the amendment.  Plaintiff filed an Objection and Response to the Motion to Strike (doc. 13) on December 26, 2012, in which plaintiff asks the court to impose sanctions and an award of attorneys' fees.

It is hereby ORDERED that plaintiff's Motion to Amend is GRANTED, and that the First Amended Complaint (doc. 8) is accepted nunc pro tunc; for purposes of determining response deadlines, the First Amended Complaint will be deemed to have been validly filed as of December 22, 2012, when defendant withdrew its objection to the amended complaint.  It is further ORDERED that defendant's Motion to Dismiss (doc. 5) id DENIED as Moot, defendant's Motion to Strike (doc. 10) is DENIED as Moot, and the request for sanctions contained in plaintiff's Response to the Motion to Strike (doc. 13) is

---

[1] The motion to strike contains an extensive discussion of the court's order, arguing that the court did not expressly grant leave to amend; as there was still time to do so as a matter of right, such an express order was unnecessary.

[2] Plaintiff challenges the calculation on the basis that the Response contained statements that it was seeking leave to file and on its reading of Fed.R.Civ.P. 6 (d).  The court finds it unnecessary to decide this technical issue.

[3] Challenging a pleading for being a single day late may lead to some potential benefit where the deadline is jurisdictional or might require dismissal of the suit, but that is not the case here.  As acknowledged and discussed by the defendant, the court had expressed its intention to allow amendment of the complaint to correctly allege diversity of citizenship, even if it had not expressly provided for such permission.  Even if the court were to grant defendant's Motion to Strike, the result would have been that the amendment would have been allowed: such a process would, however, require the court to address that motion, require plaintiff's counsel to draft and file a Motion for Leave to Amend and another identical copy of the First Amended Complaint, and require the court to enter an order granting leave to amend.  The outcome would have been the same.

DENIED. Counsel for the parties are cautioned that further such unnecessary filings will not be tolerated.

DONE this the 27th day of December, 2012.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE