UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| APEX/FCC, LLC, d/b/a APEX/FCC OILFIELD SERVICES OF BATON ROUGE, LOUISIANA,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>UNITED STATES ENVIRONMENTAL SERVICES, LLC,  )<br><br>Defendant.  ) | CASE NO. 12-0651-KD-N |

## ORDER

This action is before the Court on the plaintiff's motion for leave to file second amended complaint (doc. 20). Plaintiff seeks to re-allege its claim for pre-judgment interest (Count Eight and the prayer for relief) and its claim for punitive damages and attorneys' fees (Count Nine) set forth in its first amended complaint. Plaintiff files this motion in response to defendant's motion to dismiss wherein defendant argues that these claims are insufficiently plead and fail to state a claim upon which relief can be granted (doc. 15). Though given the opportunity (see doc. 23), defendant did not file a response to the motion.

Upon consideration, and for the reasons set forth herein, plaintiff's motion is **GRANTED** and the second amended complaint shall be filed on or before **March 4, 2013**. Because the second amended complaint shall be the operative pleading in this action, the motion to dismiss (doc. 15) is **DENIED** as **MOOT.** *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir.2007) ("As a general matter, an amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the

pleader's averments against his adversary ") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir.2006)); *See DeSisto College, Inc. v. Line,* 888 F.2d 755, 757-758 (11th Cir. 1989) (acknowledging the denial as moot of defendant's motion to dismiss the first amended complaint because the plaintiff filed a second amended complaint).

The Federal Rules state, in relevant part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires." Fed. R. Civ. P. Rule 15(a)(2). Defendants did not give its written consent. Thus, the Court must determine whether justice requires granting the motion.

Generally, in the absence of any substantial reason to deny the motion, such as undue prejudice to the non-movant, undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies on the part of the movant, or futility, leave to amend should be freely given when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *Nolin v. Douglas County*, 903 F. 2d 1546, 1550 (11th Cir. 1990) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)), overruled on other grounds*, McKinney v. Pate*, 20 F. 3d 1550, 1559 (11th Cir. 1994)). Also, the federal rules favor allowing amendments. *Dussouy v. Gulf Coast Inv. Co.*, 660 F.2d 594, 597 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading."). Thus, "there must be a substantial reason to deny a motion to amend." *Laurie v. Ala. Ct. of Crim. App.*, 256 F.3d 1266, 1274 (11th Cir. 2001).

This action is in the early stages of litigation. The Rule 16(b) Scheduling Order that will set the deadline for amendment to pleadings and joinder of parties has not yet been entered. (See

Doc. 19, Preliminary Scheduling Order setting February 21, 2013, as the deadline for the report of parties' planning meeting). Defendant did not respond to the motion. Thus, there is no assertion of undue prejudice, repeated failure to cure its pleadings, or futility. Also, there is no evidence that plaintiff has acted in bad faith, exhibited a dilatory motive in seeking leave to amend its complaint, or unduly delayed this action. Therefore, the interests of justice require that plaintiff's motion for leave to file its second amended complaint be granted.

       DONE and ORDERED this the 21st day of February, 2013.

                                            s/ Kristi K. DuBose
                                            KRISTI K. DuBOSE
                                            UNITED STATES DISTRICT JUDGE